## LOWRY et al. v. COMMERCE TRUST CO. et al.

(District Court, W. D. Missouri, W. D. November 18, 1925.)

No. 632.

Wills &#8666;802(5)—Beneficiaries of trust held not entitled, on widow's renunciation, to be compensated for loss out of another's share.

Under will devising residue in trust for payment to testator's brothers of income of specific realty, which at termination of 20 years was to go to them and their descendants, the income from the remainder to be paid to the testator's wife, and on her death to a free dental clinic, held that, on widow's renunciation and election to take under Rev. St. Mo. 1919, § 321, brothers could not be compensated for loss out of share of dental clinic.

In Equity. Bill by Harry B. Lowry and another against the Commerce Trust Company and others, to construe the will of Howard S. Lowry, deceased. Bill dismissed.

German & Hull, of Kansas City, Mo. (Charles W. German, of Kansas City, Mo., of counsel), for plaintiffs.

Miller, Winger & Reeder, Leland Hazard, B. C. Howard, and Alton Gumbiner, all of Kansas City, Mo., for defendants.

REEVES, District Judge. Plaintiffs have filed their petition to construe the will of Howard S. Lowry, deceased. Defendants, except Bessie Trout Lowry, the widow, have moved to dismiss the bill on the ground that no equity is stated therein. The plaintiffs are brothers of the testator. The defendant Bessie Trout Lowry is his widow. The defendant Dr. Miller W. Rice is president, and the defendants Drs. P. F. Gilbreath, E. M. Hall, and E. G. Rush are trustees, of the Kansas City Dental Society. The testator, by his will, after certain specific bequests, devised and bequeathed the residue of his estate to the Commerce Trust Company in trust. The trustee was granted powers with

respect to the estate which it is not necessary to enumerate here.

The trust provided, among other things, that the income from a parcel of ground, with improvements, at Fifteenth and Oak streets, Kansas City, Mo., after the payment of expenses, etc., should be distributed to the plaintiffs herein or their lineal descendants, subject somewhat to the discretion of the trustee. At the end of 20 years from the date of the death of the testator, said trust, as to said property, should be dissolved, and the property transferred to the plaintiffs or their descendants per stirpes. Upon the contingency of the death of the named legatees and devisees without descendants, then other provisions were made for the disposition of said property. The income from the remainder of the trust estate should be paid to Bessie Trout Lowry, the wife of the testator, during her lifetime. At her death it was provided that the income should be applied in the interest of a free dental clinic for poor children, to be operated under the supervision of the defendant the Kansas City Dental Society.

The widow renounced the will and elected to take under the statutes of Missouri in lieu of dower. This meant, of course, that she took, there being no children, one-half of the estate, both real and personal, subject only to the payment of the husband's debts. Section 321, R. S. Mo. 1919. In virtue of this election, the widow asserted her claim to one-half of the specific property, the income from which was bequeathed to plaintiffs. This resulted in depriving plaintiffs of one-half of such net income. If plaintiffs survive the trust period, or in the event of their death, then their lineal descendants will be deprived of one-half of the fee to said property. If the whole line should become extinct, only one-half would revert to the trust for the Dental Society.

Plaintiffs now contend that, because of the widow's renunciation of the will and her assertion of a claim to a one-half interest in the specific property set aside for their use and benefit, they ought to be compensated out of other parts of the trust estate. Upon renunciation of the will, the widow took her interest and was free from all operation and direction of the will. The only beneficiaries of the trust estate remaining were the plaintiffs and the Dental Society. The Dental Society was to have the income from the remainder of the trust estate upon the death of the widow. The society was to get nothing until her death.

By the action of the widow, the Dental Society has been deprived of a deferred income from one-half of a designated portion of the trust estate. The act of the widow, however, has accelerated the reduced income to the Dental Society. It is now entitled to the income from one-half of all the estate held in trust, save from the parcel of ground, with improvements, at Fifteenth and Oak streets. The effect of the renunciation, as stated, is to deprive the plaintiffs of one-half of the income from the Oak street property and ultimately from one-half of the fee, conditioned that they survive.

If plaintiffs should die leaving no lineal descendants, then such property would be retained by the trustee and the income applied for the benefit of the dental clinic. Plaintiffs could only be compensated out of the trust fund set apart for the benefit of the dental clinic. This beneficiary has suffered a loss, as well as plaintiffs, by reason of the action of the widow. Equity would not warrant the court in taking away from the Dental Society its bequests to compensate plaintiffs for their loss. It would be as reasonable to deduct from the plaintiff's legacy or devise to compensate the Dental Society. If a general estate remained over from which compensation could be made, plaintiffs might press a claim. There is no source, however, from which compensation can be made, without injury to another beneficiary, and it would not be equitable to permit this.

The trusts created both in favor of the plaintiff and the Dental Society are operative and valid trusts, and should not be disturbed. Careful examination of the will discloses that it is clear and specific, and the renunciation thereof by the widow does not render it otherwise inoperative.

The motion to dismiss will be sustained.